# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0486 | **DATE** | 1-27-2013 |
| **CASE TITLE** | Darren L. Hopkins (2012-0423049) v. Judge Carol A. Kipperman and Monica Lynne Mapp | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes Cook County Jail officials to deduct $7.60 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint [1] is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). Enter judgment order. Plaintiff's motion for appointment of counsel [4] is denied as moot. Civil case closed.

■[ For further details see text below.]                                   Docketing to mail notices.

**STATEMENT**

Plaintiff Darren L. Hopkins, a Cook County Jail detainee, has brought this suit pursuant to 42 U.S.C. § 1983. Pending before the court are Plaintiff's *in forma pauperis* application and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

Plaintiff's *forma pauperis* application [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.60. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee of $7.60 from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. If Plaintiff is transferred to another facility, Cook County Jail authorities shall notify the transferee authorities of any outstanding balance.

The court must dismiss a suit brought *in forma pauperis* if it determines that the complaint fails to state a claim on which relief may be granted or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from the complaint, are accepted as true and all reasonable inferences are made in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d

**STATEMENT**

677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). The court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide Defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that Plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Although the complaint is unclear, it appears that Plaintiff presently faces a state criminal charge in the Circuit Court of Cook County. Plaintiff is dissatisfied with his appointed public defender and trial judge. He believes that the public defender has made sevferal missteps during his case. Plaintiff brought these complaints to the trial judge, who allegedly refused to take any action or replace the public defender.

Plaintiff suit must be dismissed because the trial judge and public defender cannot be sued for damages in federal court under 42 U.S.C. 1983. The judge has absolute immunity from suit regarding her conduct during judicial proceedings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009); *Synder v. Nolen*, 380 F.3d 279, 285-86 (7th Cir. 2004). And a public defender is not a state actor for § 1983 purposes when performing her traditional function of representing the defendant in a criminal proceeding. *See Vermont v. Brillon*, 129 S. Ct. 1283, 1291 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). The complaint therefore fails to state a claim, and the suit is dismissed. The court declines to provide Plaintiff an opportunity to submit a proposed amended complaint because any amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new court of three prior strikes would result in an automatic dismissal of the new case, while still requiring payment of the filing fee and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).